

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GILBERT JOHNSON | CIVIL ACTION |
| VERSUS | NO. 04-331 |
| HARRAH's ENTERTAINMENT, INC., et al | SECTION "M" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed on behalf of the defendant Jazz Casino Co., L.L.C. (hereinafter "Harrah's"). Plaintiff, Gilbert Johnson ("Johnson"), filed a formal opposition memorandum and the matter was the subject of an oral hearing on July 13, 2005. The undersigned took the matter under advisement, allowing plaintiff additional time to set forth with particularity why discovery sought *via* motion to compel prevented him from adequately responding to the pending motion for partial summary judgment. Thereafter and with leave of court, Harrah's filed a Supplemental Memorandum in Support of its Motion for Partial Summary Judgment. Having considered the record, the written submissions of the parties specifically addressing the defendant's Motion for Partial Summary Judgment, the arguments of counsel and the applicable law, defendant's motion for partial summary judgment is GRANTED for the reasons set forth below.

1



## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2004, plaintiff filed the captioned employment discrimination lawsuit alleging numerous claims, including state law claims under La. Rev. Stat. 23:303(D) for age/race discrimination and hostile work environment, Title VII race discrimination and hostile work environment, retaliation under Louisiana's Whistleblower Statute (La. R. S. 23:967) and Title VII, failure to pay year end 2002 bonus in violation of La.R.S. 23:631, intentional infliction of emotional distress under state tort law and age discrimination under the ADEA for failure to be promote. The subject motion for partial summary judgment does not address the plaintiff's failure to promote claims pursuant to the ADEA, but rather seeks dismissal of all of the other claims on the basis of prescription, failure to exhaust administrative remedies and lack of standing.

The undisputed facts are that the plaintiff, Gilbert Johnson ("Johnson"), began his employment with Harrah's in August of 1999 as a Shift Manager in Harrah's Customer Safety Department.[1] Plaintiff alleges that, in April of 2002, he was denied a promotion to Assistant Director of Customer Safety and, in June of 2002, he was denied a promotion to Director of Customer Safety and Transportation.[2] Johnson further alleges that in October of 2002, he informed Harrah's of two cases of alleged harassment, which was reported to him by two subordinates and

---

[1] *See* Plaintiff's Complaint at ¶ 7; Defendants' Statement of Undisputed Facts at Item No. 1; Affidavit of Denise Aubert, Employee Relations Representative of Jazz Casino Co., LLC, at Item 2 [Defendants' *In Globo* Exhibit 1 to Motion for Partial Summary Judgment].

[2] *See* Plaintiff's Complaint at ¶¶ 8, 12; Plaintiff's EEOC Charge of Discrimination (Charge No. 270A300392) dated December 6, 2002 [Exhibit A-1 attached *in globo* to Affidavit of Denise Aubert in support of the defendants' Motion for Partial Summary Judgment].

that, in retaliation, he received a poor performance evaluation from his Director, Charles Mitchell.[3] On October 25, 2002, Johnson received a Final Written Warning;[4] that same date he reported that he was injured on the job.[5] Johnson was treated and returned to work. Tulane University Hospital & Clinic issued a "Certificate to Return to Work" on November 23, 2002, indicating that Johnson was able to return to work on a limited duty basis with no standing or walking for extended periods.[6] On December 17, 2002, Johnson requested a leave of absence due to his earlier ankle surgery, indicating that he expected to return to work on April 17, 2003.[7]

Johnson did not return to work, but remains out of the workplace on workers' compensation leave to date.[8] Notwithstanding the fact that he ceased active employment on December 17, 2002, Johnson is still an employee of Harrah's. On December 6, 2002, Johnson filed a Charge of Discrimination with the EEOC, alleging age discrimination and retaliation for reporting two co-workers allegations of harassment. Johnson's December 6, 2002 EEO complaint claims only retaliation and discrimination. Plaintiff checked the boxes on the EEO charge form indicating "Retaliation" and "Age Discrimination."

---

[3]*See* Plaintiff's Complaint at ¶ 21; Plaintiff's EEOC Charge of Discrimination Charge No. 270A300392 (alleging only age discrimination and retaliation).

[4]*See* Plaintiff's Complaint at ¶ 22; Plaintiff's EEOC Charge of Discrimination Charge No. 270A300392.

[5]*See* Plaintiff's Complaint at ¶ 24.

[6]*See* Certificate to Return to Work [Defendant's Exhibit A-4].

[7]*See* Leave of Absence Request form submitted by Gilbert Johnson on December 17, 2002 [Defendants' Exhibit A-2].

[8]*See* Plaintiff's Complaint at ¶ 24;

Johnson's narrative explaining the bases of his charges of age discrimination and retaliation is set forth below:

> "I.   I began employment with Respondent, Harrah's Casino, on August 30, 1999. I am currently employed as a customer safety/transportation shift manager. On or about April 18, 2002 and June 7, 2002, I was denied promotions to the positions of assistant director and director of customer safety/transportation, respectively. On or about June 1,a nd July 1, 2002 I was issued unwarranted disciplinary actions by my immediate supervisor. On October 8, 2002, I reported incidents of sexual harassment which had been brought to my attention by two subordinates. Subsequently, on October 24, 2002 I was told I would be terminated if I did not resign. I challenged the ultimatum and on October 25, 2002 I was issued a final warning. On November 25, 2002 I was reassigned to another department and denied a hearing.
>
> II.  I was given no appropriate explanation for these actions.
>
> III. I believe that I was denied the promotions, issued unwarranted disciplinary actions and reassigned because of my age, in violation of the Age Discrimination in Employment Act. Further, I believe that I was subjected to the disciplinary actions in retaliation [for] my adherence [to] protected activities."[9]

After investigating the aforesaid claims, the EEOC issued Johnson a Dismissal and Notice of Rights to Sue, noting that it could not conclude that the alleged violations occurred. It is clear that (1) Johnson failed to allege either race discrimination or a hostile environment claim in his EEOC Charge and that (2) he alleges only age discrimination and retaliation in his EEOC Charge.

As aforestated, Harrah's motion for partial summary judgment seeks dismissal of all of the plaintiff's claims, with the exception of plaintiff's Age Discrimination claim under the ADEA. More particularly, defendant's position is that:

(1) Plaintiff's state law claims for Age/Race Discrimination and Hostile Work Environment are time-barred;

---

[9] *See* Gilbert Johnson's EEOC Charge No. 270A300392 [Defendants' Exhibit A-1].

(2) Plaintiff's Title VII Race Discrimination and Hostile Work Environment Claims must be dismissed for failure to exhaust his administrative remedies;

(3) Plaintiff's Retaliation Claim under Louisiana's Whistleblower Statute (La. R. S. 23:967) is time-barred and his Title VII Retaliation claim must be dismissed for failure to establish a *prima facie* case;

(4) Plaintiff's claim of a violation of La.R.S. 23:631 (Louisiana's Wage Payment Act) must be dismissed for lack of standing; and

(5) Plaintiff's State Law Claim of Intentional Infliction of Emotional Distress (IIED) is time-barred.

The Court addresses each of the defendant's contentions serially below under the applicable standard.

## II. SUMMARY JUDGMENT STANDARD

The principal purpose of Fed. R. Civ. P. 56 is to "isolate and dispose" of factually unsupported claims.[10]  Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact...."[11]  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.[12]

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[10]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[11]Fed. R. Civ. P. 56(c).

[12]*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

bear the burden of proof at trial."[13]   A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.[14] "In such a situation, there can be 'no genuine issue of material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[15]

The Court has no duty to search the record for triable issues.[16] Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment.[17] "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."[18] Conclusory statements, speculation and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.[19] "Summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'"[20]

---

[13] *Celotex*, 477 U.S. at 323.

[14] *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex*, 477 U.S. at 323; *Wenner v. Texas Lottery Commission*, 123 F.3d 321, 324 (5th Cir.), *cert. denied*, 523 U.S. 1073 (1998).

[15] *Celotex*, 477 U.S. at 322-23.

[16] *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[17] *Celotex*, 477 U.S. at 248-50; *Abbot v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).

[18] *Ragas*, 136 F.3d at 458 (emphasis added).

[19] *Id.*; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

[20] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (*citing Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)); *see also Read v. BT Alex Brown*, 2003 WL 21754966 * 2 (5th Cir.), *cert. denied*, 2004 WL 323271 (U.S. February 23, 2004).

## III. ANALYSIS

### A. PLAINTIFF's STATE LAW AGE/RACE DISCRIMINATION and <u>HOSTILE WORK ENVIRONMENT CLAIMS ARE TIME-BARRED</u>.

Louisiana's anti-discrimination statute has a prescriptive period of one year during which a plaintiff must file her complaint under Louisiana Revised Statutes 23: 301 *et seq.* La. R.S. 23:303(D). This period may be extended by six months during the pendency of an administrative investigation of a claim of discrimination by the EEOC or the Louisiana Commission on Human Rights. La. R.S. 23:303(D). Therefore, the date 18 months prior to the filing of a complaint in state or federal court is the earliest date on which an incident of discrimination could be considered.[21]

In the instant case, Johnson filed his lawsuit on February 6, 2004. [Rec. Doc. 1]. Therefore, the date eighteen months prior to instituting a lawsuit in either state or federal court is the earliest date on which an act may occur and still be considered in support of a claim – assuming that the claim also was administratively investigated. Plaintiff's age discrimination and retaliation claims based upon a failure to promote are time-barred, because these claims accrued in June and July of 2002 – *i.e.*, more than eighteen months prior to the filing the subject complaint.

Prior to filing a lawsuit under the Louisiana anti-discrimination statute, a plaintiff must give the proposed defendant written notice that he believes he has been discriminated against at least 30 days before initiating court action. La. R.S. 23:303(C). Filing an EEO charge of discrimination satisfies this notice requirement,[22] but limits the state claim to the alleged discrimination detailed in

---

[21]*See Ringo v. Winn-Dixie Louisiana, Inc.*, 2004 WL 737481 * 2 (E. D. La. Apr. 5, 2004) (Vance, J.).

[22]*Manzella v. United Parcel Serv., Inc.*, No. 02-1800, 2002 WL 31040170, at *4 (E.D.La. Sept. 10, 2002)(*citing Pugh v. J.C. Penney*, No. 95-3846, 1996 WL 263219, at *5 (E.D.La. May 15, 1996); *Snear v. Turnbull Cone Baking* Co., No. 93-2761, 1994 WL 34031, at *3-4 (E.D.La. Jan. 31, 1994)). *Cf. Parquet v. Universal Health Servs., Inc.*, 2003 WL 145429 (E.D.La. Jan.17,

the EEO charge.[23]

Regarding plaintiff's state law hostile work environment and race discrimination claims, the running of the statute of limitations was not suspended at all during the pendency of plaintiff's EEO Charge No. 270A300392 filed December 6, 2002. There were no allegations of either race discrimination or a hostile work environment set forth in the aforesaid EEOC charge. As previously noted, plaintiff only alleged claims of age discrimination and retaliation.

Plaintiff's opposition to the defendant's motion for partial summary judgment is predicated on the "continuing violation theory" as enunciated by the Fifth Circuit in *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). The exception arises "where the unlawful employment practice manifests itself over time, rather than in discrete acts."[24] Three factors that support a continuing violation claim are: subject matter, frequency and degree of permanence.[25] To support his allegation of a "continuing violation," plaintiff explains that he has consistently been the victim of age discrimination, he was forced to endure offensive age-related criticisms, he was repeatedly denied promotions and interviews for promotions and he was demoted from manager to clerk in retaliation for protected activity. Plaintiff also now claims that, due to his age, he remains locked out of his job and is forced to live on supplemental employment benefits. In sum, plaintiff contends that Harrah's action encompasses a calculated, methodical plan to force him out of active employment.

---

2003)(denying state discrimination claim where plaintiff filed EEOC charge, but failed to notice the defendant under as required by La. R.S. 23:303(C)).

[23]*Parquet*, 2003 WL 145429 at * 3-4.

[24]*Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986).

[25]*Waltman v. International Paper Co.*, 875 F.2d 468, 475 (5th Cir. 1989).

The law of the Fifth Circuit supports defendant's position that Johnson cannot resurrect his time-barred state law failure to promote claims through the application of the continuing violation doctrine. These claims are based upon discrete acts and are otherwise untimely.[26] Accordingly, the defendant's Motion for Partial Summary Judgment has merit and should be granted insofar as it seeks dismissal of the following, to wit: (1) plaintiff's state law failure to promote and demotion claims which are time-barred; (2) state law race discrimination claim (which plaintiff failed to address); and (3) state law hostile environment claim.

B. **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REGARDING TITLE VII RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS.**

"It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."[27] A judicial complaint under Title VII " 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.' "[28] "The suit filed may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable [EEOC] investigation of that charge."[29] Plaintiff made no mention of either

---

[26]*See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (discrete acts are not entitled to the shelter of the continuing violation doctrine); *Huckabay v. Moore*, 142 F.3d 233 (5th Cir. 1998) (demotion and failure to promote actions were a different sort of conduct from the day-to-day harassment that made plaintiff's workplace hostile and therefore these otherwise untimely claims are not continuing violations).

[27]*National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir.1994).

[28]*Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)) (emphasis in original).

[29]*Id.* at 712 (internal quotations omitted).

race discrimination or a hostile work environment in his only EEO charge. Plaintiff has submitted no evidence showing that the EEO investigation encompassed either race discrimination or hostile work environment allegations. Accordingly, this Court is without jurisdiction over plaintiff's claims to the extent that they are brought under Title VII.[30] Moreover, and as previously discussed, to the extent that plaintiff brings the aforesaid claims under Louisiana state law, they are time-barred.

"Title VII was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace."[31] Thus, to establish a hostile environment claim, a plaintiff must show that the complained-of conduct was "severe or pervasive enough to create an objectively hostile or abusive work environment."[32] This objective determination is made by looking at all the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[33]

Johnson challenges the dismissal of his hostile work environment claim for failure to exhaust. Johnson's argument is that his EEO claim should be read broadly to include such a claim, even

---

[30] *See Aronzon v. Southwest Airlines*, 2004 WL 57079 (E. D. La. Jan. 9, 2004) (Vance, J.) (Because there was no evidence that plaintiff filed a charge with the EEOC or an appropriate state agency, plaintiff failed to exhaust his administrative remedies and his claims were time-barred from later pursuing such remedies before the EEOC or in federal court).

[31] *Shepherd v. Comptroller of Public Accounts of State of Texas*, 168 F.3d 871, 874 (5th Cir.) (internal quotations omitted), *cert. denied*, 528 U.S. 963 (1999).

[32] *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *see also Woods*, 274 F.3d at 299 (to be actionable, harassment "must have created an environment that a reasonable person would find hostile or abusive").

[33] *Id.*; *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 2002 WL 314011 *6 (5th Cir. Mar 15, 2002).

though he did not check the appropriate box on the form. Plaintiff contends that Harrah's incorrectly interprets his charge by considering the individual, independent acts of alleged discrimination and retaliation not to state a hostile environment claim.

Fifth Circuit case law supports Harrah's contentions regarding plaintiff's failure to exhaust his administrative remedies. In *Huckabay*, the Fifth Circuit observed that demotion and failure to promote actions are a different sort of discrimination from the day-to-day harassment that makes the workplace hostile.[34]

Accordingly the defendant's Motion for Partial Summary Judgment is GRANTED insofar as it seeks dismissal of plaintiff's Title VII hostile environment and race discrimination claims on the basis of the failure to exhaust his administrative remedies.

C. **PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED SINCE HIS CLAIMS UNDER LOUISIANA'S WHISTLEBLOWER STATUTE ARE TIME-BARRED AND PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF TITLE VII RETALIATION.**

The anti-retaliation provision of the Louisiana Human Rights Act no longer applies to unlawful employment discrimination.[35] Nonetheless, if the prerequisites of Louisiana's Whistleblower Protection Act are satisfied, such retaliation claims presently may be asserted under

---

[34]*Huckabay*, 142 F.3d at 239-240. *See also Stith v. Perot Systems Corp.*, 2005 WL 210485 (5th Cir. 2005) (holding that plaintiff's hostile work environment claim fails for failure to exhaust because nowhere in the narrative of her EEOC charge is anything other than alleged discrete acts of discrimination mentioned); *Moody v. U.S. Secretary of the Army*, 2003 Wl 21983014 (5th Cir. 2003) (noting that allegations of failure to promote and failure to receive a raise are treated separate apart from the plaintiff's hostile work environment claim).

[35]*See Smith v. Diamond Offshore Mgmt Co.*, 2003 WL 23095586 (E. D. La.); *Miller v. Blanchard*, 2002 WL 31819122 at *2; *Johnson v. Integrated Health Services, Inc.*, 2002 WL 31246762 at *2; *Trahan v. Lowe's*, 2002 WL 1560272 at *8-9.

that statute.[36] There is no prescriptive period specifically set out within the Louisiana Whistleblower Statute.[37] However, "[a]bsent any specification within La.R.S. 23:967, [the plaintiff's] cause of action thereunder is subject to the general one-year prescriptive period for delictual actions provided in La.C.C. art. 3492."[38] The undersigned has found nothing to indicate that prescription for retaliation claims under La.R.S. 23:967 is suspended during administrative review or investigation.[39]

Apparently recognizing that his Louisiana Whistleblower claim is time-barred, plaintiff seeks to add a new post-2002 allegation to his whistleblower claim (*i.e.*, that Harrah's has prevented him from returning to work from his worker's compensation leave in retaliation for his protected activity). However, Harrah's points out that Johnson's treating physician (Dr. Raoul Rodriguez) has not released him to return to work as a Shift Manager and that Johnson has been diagnosed with a 20% permanent partial disability with regard to his foot injury. It is not disputed that plaintiff is receiving Supplemental Earnings Benefits (SEB) under Louisiana Worker's Compensation Law. Most notably, defendant points out that there is no conduct that could possibly be considered retaliatory occurring within one year of the date that Johnson filed suit.

---

[36]*See Smith*, 2003 WL 23095586 (E. D. La.); *Trahan*, 2002 WL 1560272 *9 ("whistle-blower" statute provides a cause of action for redress of retaliatory conduct by employer resulting from employee's opposition of sexual job discrimination); *Kimble v. Georgia Pacific Corp.*, 245 F.Supp.2d 862, 876 n. 22 (M. D. La.2002) ("Plaintiff's action for redress under Louisiana state law is not under the Louisiana Employment Discrimination law, but under the 'whistle blower' statute located at La. R.S. 23:967(A)"), *aff'd*, 2003 WL 21145752 (5th Cir.2003).

[37]*See* La.R.S. 23:967.

[38]*Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2*, 790 So.2d 725, 733 (La.App. 5 Cir. 6/27/01).

[39]*Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002).

For reasons discussed above, it is this Court's opinion that plaintiff's retaliation claims under Louisiana's Whistleblower Statute are time-barred, having been brought more than a year after the conduct at issue, which ceased at the very latest when plaintiff removed himself from active employment in December of 2002. Accordingly, defendant's motion for summary judgment is granted insofar as it seeks dismissal of the plaintiff's whistleblower claims as untimely.

Turning to plaintiff's Title VII retaliation claim, Johnson has failed to establish a genuine issue of fact regarding an essential element of that claim. Retaliation under Title VII is an action taken against an employee by an employer because of the employee's opposition to discriminatory practices. To succeed on a claim for retaliation, plaintiff must prove that: (1) he engaged in activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the participation in protected activity and the adverse employment decision.[40] "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."[41] "[O]nly 'ultimate employment decisions,' ' such as hiring, granting leave, discharging, promoting, and compensating' satisfy the 'adverse employment action' element...."[42]

Johnson accuses Harrah's of retaliating against him for reporting alleged incidents of sexual harassment on behalf of two other Harrah's employees. Johnson contends that because he made

---

[40]*Green*, 2002 WL 314011 at *8; *see also Fierros v. Texas Dept. of Health*, 274 F.3d 187, 191 (5th Cir.2001).

[41]*Green, supra* at *8 (citing 42 U.S.C. § 2000e3(a) (2001)).

[42]*Fierros*, 274 F.3d at 191 (*quoting Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir.1995)); *see also Green, supra* at *8 ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.").

these reports, he subsequently received a poor performance evaluation and a Final Written Warning, and was transferred to a position in the Internal Control Office.[43] Unquestionably under the governing law, the poor performance evaluation and the final written warning do not qualify as ultimate employment decisions. Plaintiff offers no evidence that these actions constitute ultimate employment decisions.

Addressing plaintiff's complaint that he was reassigned to a sedentary position, Johnson has produced no evidence of a causal connection, *i.e.*, that his transfer was made because of his reporting the allegedly harassing conduct. The evidence is uniformly that plaintiff was reassigned as an accommodation because he was physically unable to perform the duties required by his Shift Manager position due to his left foot injury.[44] There is no competent countervailing evidence, suggesting that the transfer was causally connected to plaintiff's protected activity of reporting the sexual harassment complaints of other employees.

Plaintiff's summary judgment evidence falls short on the causation element. "To demonstrate causation, an employee must show that 'but for' the protected activity, the adverse employment action would not have taken place."[45] "If the plaintiff seeks to establish causation by circumstantial evidence, the tripartite burden-shifting framework of *McDonnell Douglas* applies."[46] Under this framework, "the plaintiff carries the initial burden of establishing a *prima facie* case of retaliation,"

---

[43]*See* Complaint at ¶¶ 21-24.

[44]*See* Employee Data Sheet for Gilbert Johnson [Defendant's Exhibit A-3, to Aubert Affidavit]; Certificate to Return to Work [Defendant's Exhibit A-4, to Aubert Affidavit].

[45]*Green*, supra at *8.

[46]*Fierros*, 274 F.3d at 191.

Case 2:04-cv-00331-DEK    Document 63    Filed 11/16/05    Page 15 of 18

being held at this threshold stage to a less stringent standard on causation.[47]  Such a showing gives rise to an inference of retaliatory motive, which "the employer can rebut by producing evidence of a legitimate, non-retaliatory reason for the adverse action."[48]  "If the employer produces such evidence, then the plaintiff has the burden of proving that the Title VII protected activity was a 'but for' cause of the adverse employment decision."[49]  "If the plaintiff presents evidence supporting the *prima facie* case, plus evidence that the reasons given by the employer for the adverse employment action were pretextual, a jury may infer the existence of this 'but for' causation." *Id.* at 191-92 (internal quotations omitted).

In this case under the particular circumstances presented, the trier of fact cannot reasonably infer "but for" causation.  It is undisputed that defendant had no choice but to provide plaintiff an accommodation, *i.e.*, reassignment to a sedentary position due to plaintiff's ankle injury. Accordingly, while allegations of a retaliatory transfer may satisfy the second prong of Johnson's *prima facie* case, he cannot satisfy the third prong, *i.e.*, that his transfer was causally connected to his EEO activity.

Defendant's motion for partial summary judgment is granted as to the plaintiff's Title VII retaliation claim.  Without question, the poor performance review and Final Written Warning alleged in support of Johnson's retaliation claim do not rise to the level of adverse employment action and are not sufficient to state a claim for retaliation.  Transfer to a lower paying position (demotion) would satisfy the definition; however, in this case plaintiff has come forward with no evidence to

---

[47]*Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[48]*Id.*

[49]*Id.* (internal quotations omitted).

15

support a finding that his transfer was retaliatory. Instead, the evidence is uniformly that his transfer was based solely upon the fact that his worker's compensation injury prevented him from performing the duties of his former position as Shift Manager.[50] Therefore, transfer to a more sedentary position cannot support his claim of retaliation.

Johnson's latest argument that Harrah's has prevented him from returning to work fails for the same reasons, including lack of proof and because the thrust of such a position contravenes the plaintiff's own deposition testimony and the allegations of his complaint that his injury prevents him from returning to work. Additionally and because of its lack of consequences, holding a Board of Review without Johnson's presence does not rise to the level of an "adverse employment action." Finally, as to the alleged failure to reinstate, the record is devoid of evidence of any causal nexus to Johnson's participation in protected activity. In any event and as previously explained, plaintiff was not reinstated to his former position as Shift Manager because he has not been released to return to that position by his treating physician.[51]

### D. PLAINTIFF LACKS STANDING AS TO LA. R. S. 23:631 (WAGE PAYMENT ACT).

The Louisiana statute is directed only at the payment of wages due **upon termination/discharge/resignation**. La. R. S. 23:631 provides:

> A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than

---

[50]*See e.g., Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) ( "A plaintiff cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement ... without explaining the contradiction or attempting to resolve the disparity.").

[51]*Id.*

16

> fifteen days following the date of discharge, whichever occurs first.
> (b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.

La. R.S. 23:631.

Plaintiff lacks standing to pursue a claim under La. R.S. 23:631. The Louisiana statute is directed only at a payment upon termination/discharge/resignation of the employee. Plaintiff lacks standing to bring this claim as he has not been terminated or discharged and he has not resigned.[52]

For the foregoing reasons, defendants motion for partial summary judgment is granted as to the plaintiff's Louisiana law wage claim insofar as it seeks dismissal without prejudice on the ground of lack of standing to pursue the aforesaid claim.

E.     **PLAINTIFF'S TORT CLAIM (IIED) IS TIME-BARRED**.

The applicable statute of limitations for the tort of IIED is one year. The last act complained of predates the filing of the complaint by well-more than a year. The last day plaintiff worked was in December of 2002 and suit was filed in February of 2004. Plaintiff's state law claim is time-barred.[53] The only action within a year of the date of filing suit is the plaintiff's most recent allegation in the context of the instant motion that Harrah's has prevented him from returning to work. Nevertheless, it is clear that plaintiff's worker's compensation injury is preventing his return

---

[52]*See Guinn v. International Mainenance Corp.*, 583 So.2d 915, 916 (La. App. 1st Cir. 1991) (holding that the Act is penal in nature and thus it is strictly construed). Johnson's status is no different than the plaintiff in *Guinn, supra*.

[53]*See Singleton v. RPM Pizza, Inc.*, 2004 WL 2216530 * 5 (E. D. La.) (At the latest, a continuing tort abates when plaintiff left the workplace) (Wilkinson, M. J.).

to work as a Shift Manager. Additionally, the plaintiff has failed to allege "severe and outrageous conduct" within the meaning of Louisiana law.[54]

## CONCLUSION

Plaintiff has failed to identify with particularity any discovery necessary to address the pending motion for partial summary judgment and thus cannot satisfy Rule 56(f) or this Court's directive in that regard. Accordingly and for all of the above and foregoing reasons,

**IT IS ORDERED** that the defendant's Motion for Partial Summary Judgment is GRANTED all as more specifically set forth herein.

New Orleans, Louisiana this 16 day of November, 2005.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[54]*See Jones v. Honeywell*, 295 F. Supp. 2d 652, 673-74 (M. D. La. 2003).