UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GILBERT JOHNSON | CIVIL ACTION |
| VERSUS | NO. 04-0331 |
| HARRAH'S ENTERTAINMENT INC. AND JAZZ CASINO CO., L.L.C. dba HARRAH'S NEW ORLEANS CASINO | SECTION "M" (3) |

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Reconsider or, Alternatively, for Relief from Partial Summary Judgment entered on November 16, 2005.[1] The background facts of this action have previously been detailed by the Court [Rec. Doc. No. 63]. On November 16, 2005, the Court granted defendant's motion for partial summary judgment dismissing all of plaintiff's claims with the exception of his age discrimination claims under the ADEA for failure to promote.[2] Within ten (10) business days of the entry of this Court's November 16, 2005 ruling granting partial summary judgment, plaintiff filed the subject Motion for Reconsideration and, Alternatively for Relief from Judgment. For the following reasons and only after having considered all of the parties' submissions, the plaintiff's motion is DENIED.

---

[1] *See* Plaintiff's Motion to Reconsider or, Alternatively for Relief from Judgment filed pursuant to Fed. R. Civ. P. 59 and 60(b)(2), respectively [Rec. Doc. No. 74]; Order entered November 16, 2005 (granting partial summary judgment) [Rec. Doc. No. 63].

[2] Plaintiff's ADEA failure to promote claims remain viable. *See* Plaintiff's Complaint at ¶¶ 8, 12 (alleging that, in April of 2002, he was denied a promotion to Assistant Director of Customer Safety and, in June of 2002, he was denied a promotion to Director of Customer Safety and Transportation ).



"The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*, but the Fifth Circuit has held that a motion to reconsider a dispositive motion may be classified under either Rule 59 or Rule 60, depending upon the time of filing."[3] As plaintiff recognizes at the outset, his motion is more appropriately considered under the rubric of Rule 59(e) of the Federal Rules of Civil Procedure,[4] said motion to reconsider having been filed within ten (10) business days of the entry of the November 16th Order.

In his present motion, plaintiff asks the Court to reconsider its grant of partial summary judgment as it pertains to his now dismissed Title VII retaliation claims and that he be allowed to continue the litigation *and discovery* insofar as it relates to that claim. "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[5] Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory."[6] "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[7] Importantly for purposes of this case, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot

---

[3] *Duncan v. United States Dep't of Defense*, 2004 WL 2452773, *1 (E.D.La. Oct.29, 2004) (Vance, J.).

[4] *See Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir.2004).

[5] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (internal quotations omitted).

[6] *Id.*

[7] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 125 S.Ct. 411, reh'g denied, 125 S.Ct. 958 (2005).

have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court."[8]  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[9]

Initially, it is apparent that Johnson fails to appreciate the proper standard applicable to motions for summary judgment.  Johnson argues that he should be allowed continue to pursue discovery regarding his Title VII retaliation claim.  The time for Johnson to have presented his evidence in an attempt to raise a genuine issue of material fact was during the summary judgment process.

Plaintiff also rehashes his argument that the Final Written Warning constitutes an ultimate employment decision.  Johnson further sets forth a new argument that the Final Written Warning constitutes an ultimate employment decision because it would stand in the way of a possible future promotion.  The Court highlights that the facts underlying plaintiff's extant ADEA failure to promote claims *pre-date the issuance of the Final Written Warning*.[10]  The Final Written Warning was issued to Johnson on October 25, 2002; thereafter, Johnson commenced leave, returned to light duty for a short period and then resumed leave status and began receiving worker's compensation.

---

[8]*Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D.Tex. June 14, 2005).

[9]*Templet*, 367 F.3d at 479.

[10]Plaintiff's ADEA failure to promote claims concern business decisions made months prior to the issuance of the Final Written Warning, to wit: (1) the promotion of Ervin Carr to Assistant Director of Customer Safety in April of 2002; and (2) the appointment of Charles Mitchell to the position of Director of Customer Safety and Transportation in June of 2002.

The arguments presented by plaintiff in his Motion to Reconsider were either raised, fully briefed, and rejected by the Court in the November 16th Order or could have been raised prior to the Court's ruling.

Johnson's current argument that the Final Written Warning *could* impact a promotion at some undefined point in the future does not state a claim of retaliation. The Fifth Circuit has previously determined that only "ultimate employment decisions," including "hiring, granting leave, discharging, promoting and compensating" satisfy the "adverse employment action" element of a *prima facie* case of retaliation.[11]  In *Fierros v. Texas Department of Health*, the Fifth Circuit reiterated the rule that:

> "[I]nterlocutory or mediate' decision[s] which can lead to an ultimate decision" are insufficient to support a *prima facie* case of retaliation. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1995). Put differently, the "ultimate employment decision" doctrine requires that actionable adverse employment actions "have more than a mere tangential effect on a possible future ultimate employment decision." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).[12]

Plaintiff had a full opportunity to present evidence and argument in support of his Title VII retaliation claim. The Court thoroughly considered the motion for summary judgment, plaintiff's response, the evidentiary record, argument of counsel and the applicable legal authorities prior to issuing its November 16 Order, and believes the ruling was and still is correct.

---

[11] *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995).

[12] *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 191 (5th Cir. 2001) (internal quotation marks omitted).

The Court is not persuaded by plaintiff's new argument that the Final Written Warning stemmed from his involvement in protected activity. Indeed, plaintiff was not disciplined because he responded to Strayham's letter; rather, he was disciplined because he failed to respond to the September 13, 2002 correspondence from Strayham, who was representing Harrah's former employee, Diana Magee, in a harassment claim against Harrah's. Plaintiff admittedly left the correspondence, together with the enclosed executed Release/Waiver, under the seat of his car for weeks until his chance meeting on an unrelated issue with Human Resources Manager Lynell Joseph. Plaintiff may be dissatisfied with the Court's ruling granting summary judgment dismissing the Title VII retaliation claims, but a Rule 59(e) motion is not properly invoked for the purpose of raising new arguments or rehashing argument previously rejected by the Court.

Plaintiff has failed to establish a basis for Rule 59(e) relief. Alternatively, plaintiff has to satisfy his burden of under Rule 60(b)(2). More particularly, Johnson has failed to show that the two sworn statements made in another lawsuit against Harrah's currently pending in the Eastern District of Louisiana could not have been discovered with the exercise of due diligence prior to November 16, 2005. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Johnson's Motion for Reconsideration or, Alternatively for Relief from Judgment is DENIED.

New Orleans, Louisiana this 10th day of January, 2006.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE